**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**EDWARD WASHINGTON**                                                                 **PLAINTIFF**

**v.**                                                  **CIVIL ACTION NO. 3:11cv484-TSL-MTP**

**UNIVERSITY OF MISSISSIPPI MEDICAL CENTER, et al.**         **DEFENDANTS**

**consolidated with**

**MARTEZ SAMUEL**                                                                          **PLAINTIFF**

**v.**                                                  **CIVIL ACTION NO. 3:11cv485-HTW-LRA**

**UNIVERSITY OF MISSISSIPPI MEDICAL CENTER, et al.**         **DEFENDANTS**

<u>**ORDER CONSOLIDATING CASES**</u>

This matter is before the Court on Defendants' [18] Motion to Consolidate.[1] Plaintiffs[2]

---

[1] A motion to consolidate has been filed in Civil Action No. 3:11cv484 (Edward Washington as Plaintiff), but not Civil Action No. 3:11cv485 (Martez Samuel as Plaintiff). Defendants–University of Mississippi Medical Center ("UMMC"), University of Mississippi Medical Center Police Department, Garrett Bradford, and Alfredo Hernandez–are the same in each case. Bradford and Hernandez were originally incorrectly identified as Bradford Hernandez (a combination of their last names), an error which was corrected by Plaintiff's [4] First Amended Complaint. The Court notes that summonses were issued as to Bradford and Hernandez. *See* docket entry [14]. Although there has been no return of service, Bradford and Hernandez identify themselves as "named defendants who have been served," docket entry [18], and both have appeared in the instant case in their official capacities only. *See* docket entry [17].

The same naming error was made in 3:11cv485, which was also corrected by a [5] First Amended Complaint. In that case, they have appeared individually and officially, docket entries [19] [21], and have filed motions to dismiss in their individual capacities based on immunity defenses. As with case no. 484, there is no return of service on the summonses that were issued to them.

[2] Because the motion to consolidate is opposed and for convenience, Plaintiffs will be referred to in the plural, except where their claims are individually discussed. This does not change the fact that their cases are separate. *See* discussion *infra*.

have responded [19], and Defendants have replied [20]. Having considered the submissions of the parties, the entire record in both cases, and the applicable law, the Court finds that consolidation is appropriate.

These causes of action[3] arise from an incident at UMMC on October 31, 2010 at approximately 11:00 p.m. It is alleged that Plaintiff Washington "was in a hospital room . . . where his wife, . . ., who had been admitted to the ICU unit . . ., had just passed away." [4] at p. 3. He heard an altercation outside the room involving his son, Martez Samuel, and went to investigate. Washington alleges that two security guards (Bradford and Hernandez) were beating Martiz Samuel and pushed Martez Samuel into a wall. When Washington attempted to intervene, he was hit in the side of the head by one of the security guards. Also allegedly involved in this occurrence was another of Washington's sons, Mario Samuel.[4] Plaintiffs' complaints are identical with respect to the various theories of recovery asserted, and differ only in the Plaintiffs' perspectives of the events of October 31, 2010 and the alleged resulting injuries.

Plaintiffs acknowledge the Court's broad discretion with regard to consolidation. They admit that the separate lawsuits "involve the same incident," but "are different in that each have injuries separate and distinct from each other." [19] at p. 2. Plaintiffs argue in conclusory fashion that jury confusion and prejudice to them might occur, and that Defendants will not suffer prejudice if the cases are not consolidated.

Consolidation is governed by Fed. R. Civ. P. 42(a), which permits the Court to

---

[3]These cases were filed originally on the same day (July 7, 2011) in the Circuit Court of Hinds County, and removed to this Court on the same day (August 2, 2011).

[4]There is no civil action on behalf of Mario Samuel pending in this Court.

consolidate actions involving common issues of law or fact, especially when doing so will avoid unnecessary costs or delay or will eliminate unnecessary repetition or confusion. *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761-62 (5th Cir. 1989); *Miller v. U.S. Postal Service*, 729 F.2d 1033, 1036 (5th Cir. 1984). The instant two cases, which were filed on the same day, involve claims admittedly arising from the same incident and asserted against the same Defendants under identical theories of recovery. It appears that these cases will utilize many of the same witnesses and records, and involve the same subject matter and many common issues. Plaintiffs and Defendants are represented by the same respective attorneys in both cases.

Consolidation of these cases will serve to reduce the costs and expenses of all parties. Likewise, by eliminating duplicate motions on the same issues and eliminating multiple hearings and trials, consolidation will conserve judicial time and resources. Although stays of discovery were initially granted for the same reason–that a case management conference had not, and still has not, been held– in each case, no. 485 has also been stayed pending a ruling on the immunity defenses raised in that case only.[5] However, the fact remains that both cases are at least at similar stages of advancement.

Further, it is important to keep in mind that consolidation "does not merge the suits into a single action or change the rights of the parties or make those who are parties in one suit parties in another; rather, . . . the actions maintain their separate identities." *Mayfield v. American Automobile Insurance Co.*, 2003 WL 21250935, at *1 (N.D. Tex. 2003) (citations and internal quotations omitted). *See also Miller*, 729 F.2d at 1036 ("Consolidation does not so completely merge the two cases as to deprive a party of any substantial rights that he may have if the actions

---

[5]Those motions are not ripe.

had proceeded separately, for the two suits retain their separate identities and each requires the entry of a separate judgment."); L. U. Civ. R. 42.

Accordingly, **IT IS ORDERED:**

1. Defendants' [18] Motion to Consolidate is **GRANTED**. The above styled cases, *Edward Washington v. University of Mississippi Medical Center, et al.*, Civil Action No. 3:11cv484-TSL-MTP, and *Martez Samuel v. University of Mississippi Medical Center, et al.*, Civil Action No. 3:11cv485-HTW-LRA, are hereby consolidated for all purposes, including trial.

2. In accordance with the local rules of the Court, the lower numbered case, Civil Action No. 3:11cv484-TSL-MTP, shall be the lead case, and that cause number and style shall be used for future pleadings and filings for both cases. District Judge Tom S. Lee shall be the presiding district judge for the consolidated cases, and the undersigned shall be the presiding magistrate judge for the consolidated cases.

3. The Clerk of the Court is directed to make the appropriate revisions to the dockets of these cases.

4. Because of the procedural postures of these cases, it is appropriate for case management purposes to conduct a status conference to ensure that these cases proceed expeditiously and without duplication of motions or multiple hearings. Therefore, the Court will conduct a telephonic Status Conference at 3:00 p.m. on October 27, 2011, at which time the course of future proceedings will be determined. Counsel for Plaintiffs shall place the call to chambers ((601) 544-9100) and connect all participating counsel for the conference.

5. Discovery in these matters remains stayed pending further order of the Court.

**SO ORDERED** this the 25th day of October, 2011.

               s/ Michael T. Parker
               United States Magistrate Judge